IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW R. BLAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-824-PRW |
| | ) |
| JACKIE JENKINS and | ) |
| TONY SNOWDEN, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court are Defendant Jackie Jenkins' Limited Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies (Dkt. 39); Magistrate Judge Amanda Maxfield Green's Report and Recommendation (Dkt. 40), recommending that Defendant's Motion (Dkt. 39) be granted; *pro se* Plaintiff Matthew R. Blain's Objection to Failure to Exhaust Administrative Remedies (Dkt. 41), which this Court will liberally construe as a response to both Defendant's Motion (Dkt. 39) and Magistrate Judge Green's Report and Recommendation (Dkt. 40); and Defendant's Response to Plaintiff's Objection (Dkt. 42).

This case arises from Plaintiff's allegation that Defendants Jenkins and Snowden, the Greer County Sheriff and a detention officer, respectively, violated his civil rights in the course of a medical incident and altercation while Plaintiff was a prisoner in Greer County Jail. Plaintiff's claim is subject to the exhaustion requirements of the Prison

1

Litigation Reform Act of 1995 ("PLRA"),[1] which states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[2] The term "prison conditions" extends to "all inmate suits about prison life, whether they involve general circumstances or particular episodes."[3] The PLRA's exhaustion requirement is mandatory, and the Supreme Court has repeatedly rejected extratextual exceptions from the statutory language.[4] The Court has also explained that the existing exception within the text—that only remedies that are "available" must be exhausted—is implicated in three circumstances: (1) when a de jure remedy is a de facto dead end because prison officials are consistently unable or unwilling to provide relief; (2) when the administrative remedy process is so opaque as to be practically incapable of use; or (3) when prison administrators thwart inmates from using the grievance process through "machination, misrepresentation, or intimidation."[5]

In his Limited Motion for Summary Judgment (Dkt. 39), Defendant raises as an affirmative defense Plaintiff's failure to exhaust the administrative remedies available to him under the Greer County Jail's Grievance Procedure. Defendant bears the burden of

---

[1] 42 U.S.C. § 1997e(a).

[2] *Id.*

[3] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[4] *See Ross v. Blake*, 578 U.S. 632, 639–40 (2016).

[5] *Id.* at 642–44.

proving Plaintiff's failure to exhaust administrative remedies by demonstrating that "'no disputed material fact exists regarding the affirmative defense asserted' when the evidence is viewed in the light most favorable to the plaintiff."[6] If Defendant carries this burden, the duty then shifts to Plaintiff to "demonstrate with specificity the existence of a disputed material fact"[7] or to "show that remedies were unavailable to him" due to one or more of the recognized exceptions discussed above.[8]

    In support of his Motion, Defendant submits deposition testimony, detailed records from Plaintiff's time in Greer County Jail before, during, and after the alleged incident, and a copy of the Grievance Procedure itself.[9] That procedure permits a prisoner to raise to the Sheriff in writing any complaint against prison staff.[10] Plaintiff provides no evidence that he ever availed himself of the Grievance Procedure to report the alleged civil rights abuses at issue here. Indeed, Plaintiff's Complaint (Dkt. 1) states, without explanation or justification, that Plaintiff did not seek informal or formal administrative relief.[11] Upon review of this evidence, the Court concludes, as Magistrate Judge Green did, that

---

[6] *Kramer v. Wasatch Cnty. Sheriff's Off.*, 743 F.3d 726, 746 (10th Cir. 2014) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1284 (10th Cir. 2011)); *see also May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019).

[7] *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

[8] *See Tuckel v. Grover*, 600 F.3d 1249, 1254 (10th Cir. 2011) (specifically discussing the circumstance of prison official intimidation).

[9] *See* Special Report Exs. 6–10, 12–17 (Dkts. 36, 38); Def.'s Mot. Summ. J. Ex. 2 (Dkt. 39).

[10] Special Report Ex. 12 (Dkt. 38).

[11] Pl.'s Compl. 5 (Dkt. 1).

Defendant has carried his burden of proving that Plaintiff failed to exhaust his administrative remedies.

In his Objection (Dkt. 41), Plaintiff does not dispute that he never filed a formal grievance against Defendants relating to the alleged civil rights abuses. Instead, Plaintiff advances two arguments for why the administrative remedies found in the Grievance Procedure were "unavailable" to him. Notably, both of Plaintiff's arguments appear to relate specifically to around the time of the incident, September 2019. First, Plaintiff states that he *did* ask a member of the Greer County Jail staff for supplies to prepare a formal grievance. However, because Plaintiff was on suicide watch at the time and not allowed any items in his cell, that request was denied. Second, Plaintiff states that he had, at that time, been ruled incompetent to stand trial by the judge handling his state court proceeding, and that this, too, rendered the grievance process "unavailable" to him.

This Court need not decide whether the Greer County Jail's remedy system was or was not available to Plaintiff for the period in 2019 to which Plaintiff points.[12] The record shows, and Plaintiff does not dispute, that he was restored to competency in early 2020.[13] The record shows, and Plaintiff does not dispute, that he was provided access to the supplies needed to fill out and submit various "Request to Staff" forms—another Greer County Jail process, distinct from the Grievance Procedure—later in 2020.[14] Plaintiff does

---

[12] *See Burnett v. Miller*, 738 F. App'x 951, 952–53 (10th Cir. 2018) (declining to address whether remedies were available to plaintiff while he was in the hospital because he failed to pursue undisputedly available relief after his release).

[13] Special Report Ex. 4 at 72–75 (Dkt. 36).

[14] Def.'s Mot. Summ. J. Ex. 2 (Dkt. 39).

not allege that he made a request for a grievance form during this period, nor does he allege that any prison official misled or intimidated him into not making such a request, nor does he allege that any such request would have been time-barred.[15] In sum, Plaintiff offers no evidence or explanation for why he could not have exhausted his administrative remedies between the time he regained competency in early 2020 and his filing of this action in August 2021. Even when liberally construing Plaintiff's arguments and viewing all facts in the light most favorable to him, Plaintiff has failed to meet his burden.

This Court has reviewed Magistrate Judge Green's analysis *de novo* and agrees with the findings therein. In addition, the Court has considered Plaintiff's Objection (Dkt. 41) and Defendant's Response (Dkt. 42) and finds that Plaintiff has failed to show either: (1) a dispute of material fact suggesting that he did exhaust administrative remedies; or (2) that the administrative remedies he failed to exhaust were "unavailable" to him prior to this action. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (Dkt. 40); **GRANTS** Defendant's Limited Motion for Summary Judgment (Dkt. 39); and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (Dkt. 1).

**IT IS SO ORDERED** this 14th day of July 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[15] In any event, no time bar or deadline for filing grievances appears in the Select Policies and Procedures of the Greer County Jail in the record. Special Report Ex. 12 (Dkt. 38).